IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN MOTOR TRANSPORT, INC., | § § § § § | |
| *Plaintiff*, | | |
| v. | § § § | Civil Action No. SA-09-CV-143-XR |
| GIRAFFE LOGISTICS AND CARDINAL HEALTH CMP 200, INC., | § § § § | |
| *Defendants*. | § | |

## ORDER

Before the Court is Defendant and Third-Party Plaintiff Cardinal Health 200, Inc's motion for default judgment (Docket Entry No. 52). After due consideration of the relevant law, the Court DENIES the motion and DISMISSES the remaining claims without prejudice.

## Background

On February 23, 2009, Southwestern Motor Transport, Inc. ("SMT") brought an action against Giraffe Logistics, LLC ("Giraffe") and Cardinal Health 200, Inc. (misidentified as Cardinal Health CPM 200, Inc.) ("Cardinal Health" or "movant") for freight charges owed as the result of an agreement in which Giraffe acted as a broker for transportation of Cardinal Health goods by SMT. (Compl. (Feb. 23, 2009) [Docket Entry No. 1].) SMT and Cardinal Health entered into a settlement agreement and Cardinal Health was dismissed from SMT's action on June 8, 2009. (Order on Joint Motion to Dismiss (June 8, 2009) [Docket Entry No. 28].) Subsequent to that action, on July 24, 2009, SMT was granted default judgment against Giraffe in the amount of $190,868.44 plus court costs. (Default Judgment (July 24, 2009) [Docket Entry No. 40].)

On March 24, 2009, Cardinal Health asserted cross claims against Giraffe and third-party

claims against In View Logistics, LLC ("In View"), Ken Spriggs, Rick Spriggs, and Todd Soerens. (Original Answer, Affirmative Defenses, Cross-cl., & Third-Party Cl. (Mar. 24, 2009) [Docket Entry No. 5].) Cardinal Health requested, and this Court granted, motions that Todd Soerens and Ken Spriggs be dismissed as third-party defendants. (Order (July 15, 2009) [Docket Entry No. 35]; Notice of Voluntary Dismissal as to Third Party Def. Ken Spriggs [Docket Entry No. 47].) Defendant Giraffe and the other third-party defendants have never filed an answer to the complaint, cross-claim, or third-party complaint in this case. Cardinal Health now seeks default judgment against Giraffe, In View, and Rick Spriggs in the amount of $1,654,740.22 plus reasonable attorney's fees and court costs.

## Legal Standard

Pursuant to 28 U.S.C. § 1367,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367 (2006). The Court is not deprived of this jurisdiction when the primary cause of action is dismissed, whether on the merits or due to settlement, so long as the case was not disposed of for lack of subject matter jurisdiction. *See IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health Inc.*, 676 F.2d 152, 159 (5th Cir. 1982). If the claim that created original subject matter jurisdiction is no longer part of the suit, the exercise of supplemental jurisdiction is discretionary. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). The Fifth Circuit has interpreted this discretion as limited, and requires that the

2

district court dismiss the ancillary claim unless doing so would unduly prejudice the parties. *See Waste Sys., Inc. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982). The Supreme Court provided that prejudice would not be found if the dismissal of the original claim occurred early in the litigation. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

**Analysis**

The original action was brought in federal court pursuant to the Court's jurisdiction over diverse parties in dispute over an amount in excess of $75,000. 28 U.S.C. § 1332 (2006) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Plaintiff SMT is a corporation incorporated in Texas with its principal place of business in Texas, and Defendant Cardinal Health is a corporation incorporated in Delaware with its principal places of business in Illinois. Defendant Giraffe is a Delaware limited liability company with its principal place of business in Illinois. The amount in controversy exceeded $75,000. This court exercised supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Cardinal Health's cross-claim and the third-party claims that alleged state-law causes of action against Giraffe, In View (a Delaware limited liability company with its primary place of business in Illinois), Rick Spriggs (an individual residing in Illinois), Ken Springs (an individual residing in Illinois), and Todd Soerens (an individual residing in Illinois).

When SMT and Cardinal settled their dispute, the only claims remaining involved the state law claims of Cardinal Health—a Delaware corporation with its principal place of business in Illinois—against Defendant Delaware business organizations, with principal places of business in

Illinois, and Illinois residents. With SMT no longer involved in the lawsuit, and there being no federal claim, the Court no longer had a required basis to entertain the remaining claims. The Court's discretion to exercise supplemental jurisdiction is not absolute, as the Fifth Circuit Court of Appeals has noted that "this discretion is not unlimited." *Waste Sys., Inc.*, 683 F.2d at 931. The settlement between SMT and Cardinal Health occurred prior to trial, and "considerations of judicial efficiency and economy can no longer justify the continued exercise of federal jurisdiction over ancillary state-law claims; and considerations of comity and federalism militate in favor of dismissal." *Id.*

Since, in this case, the remaining Defendants Giraffe, In View, and Rick Spriggs have not answered movant's cross-claim or third-party complaint and the original claim was dismissed before trial, this case is considered to be at an early stage in litigation. *Cohill*, 484 U.S. at 350 & n.7. For this reason this Court declines to exercise supplemental jurisdiction and denies Cardinal Health's motion for default judgment against Giraffe, In View and Spriggs.

When a Court declines to exercise supplemental jurisdiction, it should dismiss the claims without prejudice so that they may be properly brought in the appropriate jurisdiction. *See id.* at 350. For that reason, this Court dismisses the present claims without prejudice.

**Conclusion**

The Court hereby DENIES Defendant and Third Party-Plaintiff Cardinal Health's motion for default judgment and DISMISSES Cardinal Health's claims in this suit without prejudice. There being no other issues for the Court to decide in this matter, the Clerk is instructed to close the case.

It is so ORDERED.

SIGNED this 23rd day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE